UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD S ROUX,

    Plaintiff,

v.                                    Case No:   2:17-cv-335-FtM-99MRM

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion for Summary Judgement [sic] (Doc. 19) filed on November 7, 2017 and the Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 22) filed on November 21, 2017. The docket indicates that no response was filed to the Motion to Strike and the time to respond has lapsed. For the reasons that follow, the Court recommends that the Motion for Summary Judgment (Doc. 19) be denied and the Motion to Strike be denied as moot.

Plaintiff Howard S. Roux asserts that "[o]n July 24, 2017 and July 26, 2017 [sic] Defendant and the U.S. Attorney in Tampa and the Attorney General were served a copy of the compliant [sic] by the U.S. Marshal's Service." (Doc. 19 at 1). Plaintiff claims that "[n]either the Defendant, the U.S. Attorney, nor the Attorney General have responded to this complaint. Therefore, they have failed to respond to this complaint and it is the desire of the Plaintiff that a Motion for Summary Judgement [sic] be issued forthwith in this case." (*Id.*). Plaintiff then proceeds to set forth facts concerning his disability case. (*Id.* at 1-3).

Factually, Plaintiff is mistaken in his belief that the Acting Commissioner of Social Security ("the Commissioner") did not respond to the Complaint. Specifically, on September 18,

2017, the Commissioner filed an Answer (Doc. 15).[1]  After the Answer was filed, the Court entered a Scheduling Order (Doc. 18) that required Plaintiff to file his Memorandum in support of the allegations in the Complaint on or before November 20, 2017 and required the Commissioner to file a Memorandum on or before January 19, 2018.  The deadline for the Commissioner to file a Memorandum has not lapsed.

In sum, the Undersigned finds that the Commissioner timely responded to the Complaint (Doc. 1) by filing an Answer (Doc. 15) and has additional time to file a Memorandum in support of the Commissioner's decision.  The Court recommends that the Motion for Summary Judgment be denied and the Motion to Strike be denied as moot.

**IT IS RESPECTFULLY RECOMMENDED:**

1) The Motion for Summary Judgement [sic] (Doc. 19) be **DENIED**.

2) The Motion to Strike (Doc. 22) be **DENIED** as moot.

Respectfully recommended in Chambers in Ft. Myers, Florida on December 20, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

---

[1] Although unclear, Plaintiff appears to argue that the U.S. Attorney and the Attorney General must also file a responses to the Complaint.  (*See* Doc. 19 at 1).  Under Federal Rule of Civil Procedure 4(i), to serve an agency of the United States, service must be made on the agency and the United States by serving the agency, the United States attorney, and the Attorney General.  Fed. R. Civ. P. 4(i).  All three of these entities must be served with process to properly serve an agency of the United States, but only one response to the Complaint is required.

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties