UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOWARD S. ROUX,

    Plaintiff,

v.                                              Case No:   2:17-cv-335-FtM-99MRM

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is the Complaint (Doc. 1) filed on June 16, 2017.  Plaintiff Howard Stuart Roux seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's claim for a period of disability and disability insurance benefits.  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a separate legal memorandum in support of their positions.  For the reasons set out herein, the Court respectfully recommends that the decision of the Commissioner be **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.     Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.     Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B.     Procedural History

On July 11, 2013, Plaintiff filed an application for disability insurance benefits. (Tr. at 67, 119-25). Plaintiff asserted an onset date of August 1, 2010. (*Id.* at 119). Plaintiff's application was denied initially on October 11, 2013 and on reconsideration on November 14, 2013. (*Id.* at 60, 67). A hearing was held before Administrative Law Judge ("ALJ") William F. Taylor on December 21, 2015. (*Id.* at 27-53). The ALJ issued an unfavorable decision on February 3, 2016. (*Id.* at 14-22). The ALJ found Plaintiff not to be under a disability from August 1, 2010, the alleged onset date, through December 31, 2010, the date last insured. (*Id.* at 21).

On May 9, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint (Doc. 1) in the United States District Court on June 16, 2017. This case is ripe for review.

### C.     Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2010. (Tr. at 16). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of August 1, 2010 through his date last insured of December 31, 2010. (*Id.*). At step two, the ALJ determined that through the date last insured Plaintiff had the following severe impairments: diabetes; compression fracture at T12; mild degenerative joint disease in the lower spine; and hypertension. (*Id.*). At step three, the ALJ determined that through the date last insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id.* at 17).

At step four, the ALJ found the following:

After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except the claimant can lift/carry/push/pull 20 pounds occasionally and 10 pounds frequently; sit six hours, stand/walk six hours; occasionally stoop, crouch, kneel, balance and climb stairs; and frequently climb ramps. He cannot crawl, or climb ladders, ropes, or scaffolds. The claimant is unlimited with regard to hearing, seeing and speaking, fingering, feeling and handling. He also is unlimited as to reaching bilaterally in all directions, including overhead. He has no limits on the use of his hands and feet for the operation of controls. He must avoid concentrated exposure to vibrations and

3

   extreme heat and cold.  He can work at heights and near bodies of water when protected from falls.  He must avoid working with or near dangerous and moving types of equipment or machinery.

(*Id.* at 17).

  The ALJ determined that through the date last insured Plaintiff was capable of performing his past relevant work as an accountant.  (*Id.* at 21).  The ALJ determined that Plaintiff's past relevant work did not require the performance of work-related activities precluded by his RFC.  (*Id.*).  The ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2010, the alleged onset date, through December 31, 2010, the date last insured.  (*Id.* at 21).

  **D.**  **Standard of Review**

  The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. §405(g).  Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

  Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision.  *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932

F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

**II.     Analysis**

On appeal, Plaintiff asserts that the ALJ erred in finding Plaintiff not disabled. (Doc. 20 at 3).  The Commissioner argues that the ALJ's decision is supported by substantial evidence.  (Doc. 25 at 8-9).  The Court turns to Plaintiff's medical history as related by Plaintiff and then addresses the issues raised.

**A.     Medical History as Related by Plaintiff**

The following is a brief summary of Plaintiff's medical history as related by Plaintiff.  (*Id.* at 1-3).  Plaintiff states that his injury stems from a fall in a recreation yard while incarcerated at the Federal Correctional Institution in Miami, Florida on August 12, 2010.  (*Id.*).  Briefly, Plaintiff claims that he attempted to seek medical care, but it was not until September 3, 2010 that he saw a physician's assistant for a consultation, and this visit was a routine medical visit, not specifically related to the accident.  (*Id.* at 1-2).  This physician's assistant stated that due to the amount of time that had passed from the date of the accident, he would not order x-rays.  (*Id.* at 2).  Finally, in December 2010, Plaintiff saw a medical doctor who ordered an x-ray.  (*Id.*).  The x-ray occurred in January 2011, a full five months after the accident.  (*Id.*).

A physician's assistant contacted Plaintiff and disclosed that Plaintiff had a compression fracture in his lower back at T-12.  (*Id.*).  Plaintiff was diagnosed in March 2011 "with a weakness in his left leg arising from the pain and compression in his

5

back[.]" (*Id.*). An MRI was ordered in March 2011, but not performed until February 2012, one and one-half years after the accident. (*Id.*). In February 2012, an orthopedic surgeon examined Plaintiff, determined that it was too late to do surgery to repair the fracture, and recommended pain management, involving monthly injections. (*Id.*). Plaintiff was issued a cane. (*Id.*). Plaintiff had cervicular radiculopathy surgery in late March 2013 relating to his weakness and tingling in his left arm and hand. (*Id.*).

Plaintiff was released from prison in September 2013 and, thereafter, consulted with doctors regarding his condition. (*Id.*). Plaintiff's treating physician, Christopher Durando, D.O., determined that Plaintiff was disabled and requested that he use a walker over a cane. (*Id.* at 2-3).

**B.     Discussion**

Plaintiff argues that when the ALJ determined that Plaintiff can return to his past relevant work as an account, the ALJ failed to consider Plaintiff's pain factor when he sits in an upright position or when he stands. (Doc. 20 at 1, 3). Plaintiff claims that he has a pain factor of 8 on a scale of 1 to 10. (*Id.*). Plaintiff also claims that he cannot maintain either a sitting or standing position for longer than fifteen (15) minutes. (*Id.* at 1, 3). Finally, Plaintiff also asserts that he cannot lift more than ten (10) pounds to fifteen (15) pounds and cannot get a full-night's sleep due to back pain. (*Id.* at 3). Plaintiff also claims that all of his pain and problems arise from an August 12, 2010 fall that was improperly treated. (*Id.* at 3).

The Commissioner claims that Plaintiff did not establish that he was disabled on or before the expiration of his disability-insured status, which in this case is December 31, 2010. (Doc. 25 at 2, 4). The Commissioner also contends that the ALJ clearly articulated a credibility

finding that is supported by substantial evidence regarding Plaintiff's subjective pain complaints. (*Id.* at 8-9). The Court addresses these issues in turn.

### 1. Relevant Time Period

To begin, the Court focuses on the relevant time period. Plaintiff filed a claim for disability insurance benefits ("DIB") only and he alleged an onset date of August 1, 2010. (Tr. at 119-25). Plaintiff's date last insured was December 31, 2010. (*Id.* at 16).

> An individual claiming Social Security disability benefits must prove that she is disabled. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202-03. Unlike SSI, which has no insured-status requirement, a claimant seeking DIB must demonstrate disability on or before the last date on which she was insured, to be eligible for benefits. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).

*Stone v. Comm'r of Soc. Sec. Admin.*, 596 F. App'x 878, 879 (11th Cir. 2015). Consequently, in this case, Plaintiff must show that he was disabled as of December 31, 2010, his date last insured. (Tr. at 16). Further, even if Plaintiff has evidence showing that Plaintiff's condition progressively worsened over the period of time after his date last insured, the record must support Plaintiff's assertions "of pain so severe, persistent, and limiting such that he was rendered disabled before his date last insured." *Caces v. Comm'r, Soc. Sec. Admin.*, 560 F. App'x 936, 940–41 (11th Cir. 2014).

As to Plaintiff's medical history, the ALJ found the following:

> The medical evidence generally supports the claimant's allegedly severe impairments. Bureau of Prisons Health Services' records from September 23, 2010 show that the claimant complained of 3/10 back pain incident to a fall onto his buttocks three weeks prior, on or about August 12, 2010. Ex. 9F-5[.] Hearing Testimony. He further reported that he landed on his "rear end," and that it took him a week to get back to into [sic] his routine, but that he did not advise any officer or medical personnel that he was injured because he felt "okay" and "popped back up." Ex. 9F-5. Records from December 2010 note the claimant's dorsal foot neuropathy and left thigh lateral numbness. Ex. 9F-15. Notes from that date also indicate that the claimant's pain partially responded to over-the-counter pain

7

>medications. Ex. 9F-13.  The claimant's complaints of back pain continued into 2011, and records from January 12, 2011 provide a diagnosis of abnormal anterior wedge compression at T12, with mild degenerative joint disease throughout the lower lumbar spine.  Ex. 9F-21.  Although subsequent MRIs were taken, they were not conducted until well after December 31, 2010, the date on which the claimant was last insured for Title II disability benefits, such that the after-accumulated medical records are not taken into account in determining whether the claimant's T12 fracture and mild degenerative joint disease of his lower lumbar spine constitute disabling severe impairments with regard to his current Title II application.  Ex. 9F-22; Ex. 9F-47; Ex. 5F-2; Ex. 5F-5-6[.]

(Tr. at 19, 335, 343, 345, 351).

The Court finds that the ALJ's decision is supported by substantial evidence.  In that regard, the ALJ concluded that the medical records do not establish that Plaintiff was disabled on or before December 31, 2010.  (*Id.*).  The ALJ supported this decision by citing to the record, including medical records from a January 31, 2011 medical examination that indicated a normal examination of the spine-thoracic area and the spine-lumbar area with full range of motion.  (*Id.* at 20, 352).  The ALJ also cited to the medical records that indicate that the claimant's pain partially responded to over-the-counter pain medications.  (*Id.* at 20, 343-45).  In these same records, the medical professional also indicates that Plaintiff had a normal gait, normal heel-toe tandem walking, and normal reflexes.  (*Id.*).

The ALJ also noted that according to Plaintiff, his limitations as to his ability to walk manifested after the date last insured of December 31, 2010, as evinced by Plaintiff's own testimony that he had "significant difficulty ambulating since his 2013 release from prison." (*Id.* at 20, 42).  The ALJ cited to Plaintiff's hearing testimony that despite his worsening condition since the date last insured, he is currently able to sit for six to six-and-a-half hours and stand for five to five-and-a-half hours in an eight-hour day.  (*Id.* at 20, 42).  The ALJ also cited to Plaintiff's hearing testimony that Plaintiff is able to pick up a coin with either hand, even if it is on the floor, and can kneel on one knee and then stand back up again.  (*Id.* at 20, 40).  The ALJ

8

found that this showed that even though Plaintiff alleges that his back impairments are currently severe, they are not disabling because Plaintiff is able to perform these basic work functions. (*Id.*).

Lastly, the ALJ cited to Plaintiff's hearing testimony that he did not return to work as a CPA following his 2013 release from prison, in part, because he "'didn't want to'" and this reason is not based on his severe impairments. (*Id.* at 20, 41). Thus, the ALJ supported his decision by citing to medical records and Plaintiff's testimony. The Court recognizes that Plaintiff's condition may have worsened after the date last insured, but Plaintiff has the burden to show that he was disabled within the relevant period, which in this case is on or before December 31, 2010. *See Stone*, 596 F. App'x at 879. Accordingly, the Court finds that the ALJ did not err in finding that Plaintiff was not disabled through December 31, 2010, the last date insured.[2]

The Court turns to the ALJ's credibility finding.

### 2. Credibility

Plaintiff argues he cannot work as an accountant due to the pain he experiences when he sits in an upright position or when he stands. (Doc. 20 at 1, 3). Plaintiff also claims that he cannot lift more than ten (10) pounds to fifteen (15) pounds and cannot get a full-night's sleep due to back pain. (*Id.* at 3). The Commissioner responds that the ALJ considered Plaintiff's testimony about pain, but did not find this testimony entirely credible and this credibility finding is within the province of the ALJ. (Doc. 25 at 8).

---

[2] Plaintiff testified that one reason he cannot return to his profession as a CPA is that he is precluded from using a computer with Internet access as a term of his probation. (Tr. at 41). The ALJ stated that Plaintiff's inability to use such a computer as a condition of his probations is not a medically determinable impairment and, as such, is not part of his mental limitations. (*Id.* at 21). The Court finds the ALJ's reasoning sound as to this issue.

9

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).

The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the ALJ found that Plaintiff's medically determinable impairments "could reasonably be expected to cause the alleged symptoms," but Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms are not entire credible. (*Id.* at 20).

The ALJ noted that Plaintiff stated that he could not carry more than 10-15 pounds, he was unable to walk long distances, or stand for long periods due to "constant 6-7/10 pain in his back which is only relieved when he lies down." (*Id.* at 18). The ALJ also noted that Plaintiff "has not and will not see a doctor, hospital[,] or clinic for either physical, mental, or emotional problems" and reported using only Ibuprofen and Acetaminophen for pain relief. (*Id.*).

To support the credibility finding, as stated above, the ALJ cited to Plaintiff's hearing testimony that despite his worsening condition since the date last insured, he is currently able to sit for six to six-and-a-half hours and stand for five to five-and-a-half hours in an eight-hour day. (*Id.* at 20, 42). The ALJ also cited to Plaintiff's hearing testimony that Plaintiff is able to pick up a coin with either hand, even if it was on the floor, and can kneel on one knee and then stand back up again, showing that even though his back impairments are severe, they are not disabling because Plaintiff is able to perform basic work functions. (*Id.* at 20, 40). The ALJ noted that Plaintiff volunteers two days a week at a church thrift shop, sorting merchandise and handling cash, but lifts nothing heavier than fifteen pounds. (*Id.* at 18). Lastly, the ALJ cited to Plaintiff's hearing testimony that he did not return to work as a CPA following his 2013 release from prison, in part, because he "'didn't want to'" and this reason is not based on his severe impairments. (*Id.* at 20, 41).

The ALJ articulated explicit and adequate reasons for finding Plaintiff not entirely credible. The ALJ considered Plaintiff's daily activities including his volunteer work, the nature and intensity of Plaintiff's pain, precipitating and aggravating factors, the type of medication Plaintiff takes, the lack of treatment, as well as other factors to determine that Plaintiff's statements concerning pain were not entirely credible. Further, the ALJ supported his credibility finding with substantial evidence of record. Accordingly, the Court finds that the ALJ's

credibility determination is supported by substantial evidence and the ALJ did not err in his credibility finding.

### III. Conclusion

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS RESPECTFULLY RECOMMENDED:**

The decision of the Commissioner be **AFFIRMED** pursuant to sentence four of 42 U.S.C. §405(g).

Respectfully recommended in Chambers in Ft. Myers, Florida on May 21, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
Counsel of Record
Unrepresented Parties